TREVOR N. MCFADDEN, United States District Judge
Before the Court is Sergeant Douglas Smith's Motion for Reconsideration of my decision denying his Motion to Dismiss the Complaint. ECF No. 25; see Mem. Op. and Order, ECF No. 20 (Mem. Op.). In light of controlling case law, I am persuaded by Sgt. Smith's contention that Mr. Bowser's *32 pleadings fail to carry his burden to state a claim of violation of clearly established law, and that his claims must therefore be dismissed on qualified immunity grounds. I thus grant the motion for reconsideration and Sgt. Smith's underlying motion to dismiss, and give Mr. Bowser permission to file an amended complaint.
I. BACKGROUND
There is no need to repeat the allegations in detail. See Mem. Op. 1-2.[1] In short, Sgt. Smith was escorting an inmate in the District of Columbia Jail, when that inmate attacked Mr. Bowser. The inmate was "handcuff[ed] from the front," but otherwise "had no restraints, and was allowed to walk freely." Addendum 2. The inmate "was able to strike and assault the plaintiff by sneaking from behind using the handcuffs as a weapon pounding like a sledge hammer[.]" Id. The Plaintiff claims that Sgt. Smith "failed to properly control and escort" the other inmate in accordance with a "hands on policy[,] which enabled [the inmate] to assault" him. Id. at 1. As a result, plaintiff "suffered injuries to the neck, head, and upper right side of his shoulder and face," and he "remains in continuing pain." Id.
Mr. Bowser sued both the District of Columbia and Sgt. Smith personally, and both moved to dismiss. I dismissed the claims against the District of Columbia only, Mem. Op. 10, and Sgt. Smith then filed this Motion for Reconsideration, reasserting his claim of qualified immunity.
II. LEGAL STANDARDS
Under Federal Rule of Civil Procedure 54(b), "any order ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a [final] judgment adjudicating all the claims and all the parties' rights and liabilities." This rule "recognizes [a court's] inherent power to reconsider an interlocutory order 'as justice requires.' " Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc. , 630 F.3d 217, 227 (D.C. Cir. 2011) (citation omitted). "While the phrase, 'as justice requires,' is somewhat abstract, it is a shorthand for more concrete considerations." Singh v. George Washington Univ., 383 F.Supp.2d 99, 101 (D.D.C. 2005) (quoting Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C.2004) ). Those considerations include "whether the court 'patently' misunderstood a party, made a decision beyond the adversarial issues presented to the court, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court." Youssef v. Holder , 62 F.Supp.3d 96, 98 (D.D.C. 2014) (citation omitted).
A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Hurd v. District of Columbia, 864 F.3d 671, 678 (D.C. Cir. 2017) (quoting Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (other citation omitted) ). "A claim crosses from conceivable to plausible when it contains factual allegations that, if proved, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). Thus, a complaint containing only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and factually *33 void legal conclusions cannot withstand a motion to dismiss. Iqbal , 556 U.S. at 678-79, 129 S.Ct. 1937. Although a pro se complaint, such as here "must be held to less stringent standards than formal pleadings drafted by lawyers[,]" the plaintiff still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.' " Atherton v. District of Columbia Office of Mayor , 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting Iqbal , 556 U.S. at 679, 129 S.Ct. 1937 ). The court "must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.' " Hettinga v. United States , 677 F.3d 471, 476 (D.C. Cir. 2012) (citation omitted). But "the Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." Id. (citation omitted).
III. ANALYSIS
Sgt. Smith asserted qualified immunity in his original motion to dismiss, Smith Mot. Dismiss, ECF No. 17, a defense that requires investigation of two prongs: (1) whether the plaintiff has alleged a violation of a constitutional right, and (2) whether the right was "clearly established" at the time of defendant's alleged misconduct. Pearson v. Callahan , 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (citation omitted). Sgt. Smith asserts that I have misapplied controlling case law on both prongs, and that Mr. Bowser has failed to plead sufficient facts to satisfy either. Mot. Recon. 6-12. I adhere to my conclusion on the first prong, but accept Sgt. Smith's contentions on the second.
On the first prong, I reasoned that "[b]ased on Sgt. Smith's alleged violation of a hands-on policy, one fair inference is that the rule was adopted in response to 'conditions posing a substantial risk of serious harm' to prisoners, and that Sgt. Smith acted with 'deliberate indifference' to that substantial risk in Mr. Bowser's case." Mem. Op. 8-9 (citing Farmer v. Brennan , 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ). Sgt. Smith argues that even if it is a "fair inference ... that the prison policy was adopted in response to 'conditions posing a substantial risk of serious harm,' there is nothing [pled] ... which would permit the inference that Sgt. Smith was subjectively aware " of the risk, as the case law requires. Mot. Recon. 9 (emphasis added). But as the original opinion explained, a plaintiff "must be granted the benefit of all inferences that can be derived from the facts alleged," Hettinga , 677 F.3d at 476, and a complaint survives if it "state[s] a claim to relief that is plausible." Iqbal , 556 U.S. at 678, 129 S.Ct. 1937. Giving the pleadings that treatment, I see ample factual scenarios in which Sgt. Smith could have been subjectively aware of a substantial risk of serious harm. Perhaps he knew that the escorted inmate had a history of such violence. Perhaps he knew that the inmate had a grudge against Mr. Bowser. When I grant Mr. Bowser these possible inferences, his pleadings contain at least a plausible violation of the Constitution.
But on the second prong, I now recognize that Mr. Bowser has failed to state a violation of clearly established law. If-under some unknown, inferred set of facts-Sgt. Smith violated the Constitution, qualified immunity fails only if his conduct violated clearly established law in those particular circumstances. Pearson , 555 U.S. at 232, 129 S.Ct. 808. On this point, the opinion referenced the Supreme Court's admonition "not to define clearly established law at a high level of generality,"
*34 Ashcroft v. al-Kidd , 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011), and denied the motion to dismiss, saying that "without more facts to flesh out Plaintiff's allegation ... I cannot conclude that a clearly established right was not violated." Mem. Op. 9. As Sgt. Smith explains, this places the burden on him, but it properly belongs on the plaintiff at this stage. Mot. Recons. 11-12; Behrens v. Pelletier , 516 U.S. 299, 306, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); Kyle v. Bedlion , 177 F.Supp.3d 380, 388 (D.D.C. 2016) ("[a] defendant bears the [initial] burden of raising the defense of qualified immunity in response to a claim brought under section 1983, and once the defense is asserted, 'the burden of proof then falls to the plaintiff to show that the official is not entitled to qualified immunity.' ") (citations omitted); see also Dukore v. District of Columbia , 799 F.3d 1137, 1145 (D.C. Cir. 2015) ("It is [plaintiffs'] burden to show that the particular right in question-narrowly described to fit the factual pattern confronting the officers-was clearly established.") (affirming the grant of a motion to dismiss).
Four days after I issued my original opinion, the Supreme Court reiterated that "courts must not 'define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.' " District of Columbia v. Wesby , --- U.S. ----, 138 S.Ct. 577, 590, 199 L.Ed.2d 453 (2018) (citation omitted). Under this principle, Mr. Bowser's complaint fails to state a claim, because he has only pled a clearly established violation of law at a high level of generality, at best. A mere violation of a prison policy, standing alone, does not violate the Constitution. Davis v. Scherer , 468 U.S. 183, 194, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). If we infer a set of plaintiff-friendly facts from the allegation that Sgt. Smith violated this prison policy, and then ask whether Sgt. Smith violated Mr. Bowser's "right to be protected from the unreasonable threat of violence," Morgan v. District of Columbia , 824 F.2d 1049, 1057 (D.C. Cir. 1987), then Mr. Bowser has pled a bare constitutional violation. But that is different from showing that Sgt. Smith's conduct in this specific scenario violated clearly established law, as the Supreme Court requires. Wesby , 138 S.Ct. at 577. Because my ruling "made an error in failing to consider controlling decisions" on this point, justice requires reconsideration. Youssef , 62 F.Supp.3d at 98.
The crux of Mr. Bowser's argument seems to be that his assailant should have been subject to more physical restraints, including a belly chain, ankle chain, and handcuffs behind his back rather than in front, and that Sgt. Smith should have been physically touching him at all times while escorting him through the jail. Addendum 2. But even if these measures were required by District of Columbia jail policy, the Plaintiff has pointed to no caselaw-and I am not aware of any-suggesting that they are required by the Constitution, or that violations of jail policy are automatically constitutional violations. See Wesby , 138 S.Ct. at 589 ("existing law must have placed the constitutionality of the officer's conduct 'beyond debate.' This demanding standard protects 'all but the plainly incompetent or those who knowingly violate the law.' ") (citations omitted).
Mr. Bowser's filings since my original decision do not change this conclusion. His letter dated March 30, 2018, adds no factual allegations beyond the bare violation *35 of jail policy. ECF No. 27 at 2. And in his opposition to reconsideration, Mr. Bowser adds only a few claims that are relevant to the pertinent question of whether Sgt. Smith violated a clearly established constitutional rule.[2] First, he asserts that he "was assaulted by a known violent offender because a Correctional Officer was not performing his job." Pl.'s Response to Def.'s Mot. for Recons. 1 (Opp. Mot. Recons.) (emphasis added). But this is a vague claim, not a specific one. It does not tell us whether Sgt. Smith was aware of a relevant history of violence or merely knew that the assaulting inmate was incarcerated, perhaps on charges of unrelated violence. Second, Mr. Bowser attaches an "Inmate Rights" portion of the District of Columbia Department of Corrections Inmate Handbook, which includes the right "[t]o be protected from ... personal injury," Ex. 1 to Opp. Mot. Recons., and argues that if Sgt. Smith was aware of these rights, he was surely "aware of the risk of injury he placed on the Plaintiff." Opp. Mot. Recons. 4. But even if Sgt. Smith knowingly violated the jail's "own rule" as Mr. Bowser argues, id. , that infraction also violates the Constitution only if Sgt. Smith knew of specific, constitutionally-impermissible risks in this particular situation.[3] Farmer , 511 U.S. at 834, 114 S.Ct. 1970. Third and finally, Mr. Bowser argues that "the designation of Sergeant implies supervisory knowledge including many years of experience ... which supports this court's finding that ... every reasonable officer would have understood his constitutional obligations at that time." Opp. Mot. Recons. 4. But even if I draw all possible inferences from Sgt. Smith's title, including supervisory knowledge and years of experience, that still does not tell me what clearly established constitutional rule Sgt. Smith has violated here. In general terms, "a prisoner has a constitutional right to be protected from the unreasonable threat of violence from his fellow inmates," Morgan v. District of Columbia , 824 F.2d 1049, 1057 (D.C. Cir. 1987), but not every safety-related prison policy has the force of constitutional law. Farmer , 511 U.S. at 834, 114 S.Ct. 1970 ; Davis , 468 U.S. at 194, 104 S.Ct. 3012. Because Mr. Bowser has failed to "state a claim of violation of clearly established law," the complaint must be dismissed. Behrens , 516 U.S. at 306, 116 S.Ct. 834.
Out of an abundance of caution, I will give Mr. Bowser permission to file another amended complaint. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); Crawford-El v. Britton , 523 U.S. 574, 597-98, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (suggesting that a trial court consider requiring the plaintiff to supply more facts in order to meaningfully assess whether qualified immunity applies); Powers-Bunce v. District of Columbia. , 479 F.Supp.2d 146, 158 (D.D.C. 2007) (ordering a plaintiff "to file more specific factual allegations"). As the Supreme Court has said, "there can be the rare 'obvious case,' where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances." Wesby , 138 S.Ct. at 590 *36 (quoting Brosseau v. Haugen , 543 U.S. 194, 199, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (per curiam ) ). If Mr. Bowser is going to mount a successful claim against Sgt. Smith, his allegations must show that Sgt. Smith violated clearly established law in this specific case.
IV. CONCLUSION
For these reasons, the Motion for Reconsideration is GRANTED , Sgt. Smith's Motion to Dismiss is also GRANTED , and Mr. Bowser's claims against Sgt. Smith are DISMISSED . Mr. Bowser shall file an Amended Complaint by June 29, 2018, or the claims will be dismissed with prejudice.
SO ORDERED. This is a final, appealable order.

The alleged facts, accepted for present purposes as true, are from the Plaintiff's addendum filed on February 28, 2017. ECF No. 15 ("Addendum").

Mr. Bowser seems to think that the Government's suggestion of "bad faith" in their settlement discussions is a question for me to resolve. Opp. Mot. Recons. But it is not; whether parties decide to settle is up to them alone.

Mr. Bowser cites United States ex rel. Accardi v. Shaughnessy , 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954) for the proposition that "since D.C. Jail staff violated their own rule, qualified immunity cannot be on the table." Opp. Mot. Recons. 4. But Accardi is not about qualified immunity, and never even mentions the doctrine.